## CHICAGO AND SOUTHEASTERN RAILWAY COMPANY
### v. WITT.

[No. 20,084.    Filed May 26, 1903.]

RAILROADS.—*Enforcement of Judgment.*—*Summoning Agent to Answer as to Funds in His Hands.*—A suit for the enforcement of a judgment against a railroad company under §834a Burns 1901 is in the nature of a proceeding in garnishment, and where no writ was issued against the agent, and he had not answered as to funds in his hands, or as to the amount that would probably come into his hands, there was no *res* on which to base a judgment ordering such agent to pay into court a certain amount monthly, until the judgment should be paid, out of the funds coming into his hands as such agent.

From Tipton Circuit Court; *W. W. Mount*, Judge.

Action by Solomon Witt against the Chicago & Southeastern Railway Company.    From a judgment for plaintiff, defendant appeals.    Transferred from Appellate Court, under §1337u Burns 1901.    *Reversed.*

*W. R. Crawford, U. C. Stover, W. H. Najdowski, John Oglebay* and *W. R. Oglebay*, for appellant.
*L. S. Baldwin*, for appellee.

GILLETT, J.—This action was commenced by appellee in Hamilton county on the 6th day of June, 1899.    His complaint charges that appellant is a railroad corporation organized, under the laws of the State of Indiana; that it owns and operates a railroad through said county of Hamilton; that on the 2d day of June, 1898, appellee duly

recovered a judgment against appellant in the circuit court of said county in the sum of $943.35, with costs, which judgment is in full force, unappealed from, and wholly unpaid, and that thereafter an execution was duly issued on said judgment, directed to the sheriff of said county, who made a return thereon of no property found. Prayer that a writ issue, directed to the sheriff of said county, for the agents, conductors, and employes of appellant, commanding each to appear and answer as to the amount of money in his hands belonging to it, and also as to the probable amount that would come into his hands as such agent, and for all other proper relief. Process was duly served upon appellant, and, after unsuccessfully demurring, it filed answer in general denial to the complaint. The venue was changed to the court below, where the cause was submitted, and, pursuant to request, the court afterwards filed its special findings of facts, together with its conclusions of law. Judgment was rendered that appellee recover of appellant the sum of $1,102.25, together with his costs, and that one G. N. Horton, as agent of appellant, pay into the office of the clerk of the Tipton Circuit Court the sum of $50 per month, out of the funds coming into his hands as such agent, until said judgment should be fully paid.

It is evident that the court below erred in its conclusions of law. The complaint is founded on the act of April 27, 1899 (Acts 1899, p. 120, §834a Burns 1901). The proceeding is to a considerable extent analogous to a proceeding in garnishment. It is *quasi in rem*. Brown, Jurisdiction (2d ed.), §71; 14 Am. & Eng. Ency. Law (2d ed.), 742. The statute does not, however, contemplate that a judgment shall be taken against the debtor beyond the enforcement of the writ; and in a case of this kind, where no writ has issued against the agent, and where he has not answered concerning funds in his hands, or as to the amount that will probably come into his hands, it is clear that there has been no sequestration, and that, therefore, there was no *res* on

which to base an effective order in aid of the judgment plaintiff. See Shinn, Attachment, §610; Drake, Attachment (7th ed.), §§89a, 452a; Waples, Attachment (2d ed.), §645.

It is true that the debtor appeared to the action, but, as long as there was no subject-matter before the court on which it could base a judgment—the debtor not being personally liable—any attempted adjudication that the court might make was necessarily void. The further questions in this case need not be decided.

Judgment reversed, and trial set aside, with an order to dismiss the proceedings unless appellee files an intervening motion that a writ issue requiring some agent of appellant to answer as provided by statute.